IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH B. YOUNG,

    Petitioner,

v.                                    Civil Action No. 5:06CV147
                                       (Criminal Action No. 5:05CR48-02)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Joseph B. Young, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The government filed a response to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they must file written

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

objections within ten days after being served with copies of the report.  The petitioner filed timely objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II.  Facts

On November 29, 2005, the petitioner pleaded guilty in the United States District Court for the Northern District of West Virginia to Count Six of the indictment, aiding and abetting the possession with intent to distribute more than five grams of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On January 11, 2006, the petitioner was sentenced to eighty-six months imprisonment.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. <u>Discussion</u>

The petitioner claims that he is entitled to relief under § 2255 because his counsel was ineffective for failing to seek a downward departure pursuant to § 5K2.13 of the United States Sentencing Guidelines, failing to object to the enhancement for a stun gun, and failing to seek a downward departure because the petitioner played a minor role in the immediate offense. Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Because the petitioner has objected to the magistrate judge's report and recommendation concerning his ineffective assistance of counsel claims, this Court will conduct a <u>de novo</u> review of that portion of the report and recommendation. In this case, the petitioner pleaded guilty to Count Six of an indictment charging him with aiding and abetting the possession with intent to distribute more than five grams of cocaine base. Specifically, the petitioner signed a plea agreement on November 16, 2005, which stated that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Codes, Section 2255 (habeas corpus)."[2] This Court

---

[2] The plea agreement was filed by this Court on November 29, 2005.

finds that the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction and that the petitioner's ineffective assistance of counsel claims are barred by this valid waiver.

IV. Conclusion

This Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:  June 16, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE