IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:05CR48-02
                                        (STAMP)
JOSEPH B. YOUNG,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFIED SENTENCE**

This Court has received a letter from the pro se[1] defendant, Joseph B. Young, which this Court construes as a motion requesting a reduction of sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 35 states, in pertinent part, the following:

> (a) Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.
>
> (b)(1) Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed. R. Crim. P 35(a), (b)(1). In applying subsection (b)(1), courts have found that "[a] mere showing of substantial assistance by the defendant is not sufficient to support a reduction in the defendant's sentence without the filing of a motion by the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

government." United States v. Marshall, 197 F.R.D. 449 (D.C. Kan. 2000). The government has the discretion to file a Rule 35(b) motion, and a court may only review the government's refusal to do so for abuse of discretion if: (1) the government is obligated by a plea agreement to move for such a departure; or (2) the refusal was based on an unconstitutional motive, such as the defendant's race or religion. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994) (citing Wade v. United States, 504 U.S. 181 (1992)).

On January 11, 2006, the defendant was sentenced to eighty-six months imprisonment for aiding and abetting in the possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. The defendant's later filed motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) was granted on January 26, 2009, and the defendant was resentenced to seventy months imprisonment.

Now, the defendant is requesting that this court reconsider his sentence by overriding the Bureau of Prisons' determination of his placement at the Halfway House because of personal hardship. Specifically, he requests placement at the Halfway House with six months to go on his period of incarceration, rather than the five months apparently determined by the Bureau of Prisons.

This Court acknowledges that the defendant has not asserted any argument of substantial assistance, nor a clear error in his sentence. However, because the defendant has requested a reduction in his sentence, this Court still construes the defendant's motion

2

under Rule 35 of the Federal Rules of Criminal Procedure. This Court notes that the defendant has not filed this motion within fourteen days after his sentencing, as required by Federal Rule of Criminal Procedure 35(a). Furthermore, the decision to make a Rule 35(b) motion lies solely with the government. Wade, 504 U.S. at 185; see also Fed. R. Crim. P. 35(b). Thus, this Court lacks the authority to grant a sentence reduction.

Accordingly, for the reasons set forth above, it is ORDERED that the defendant's motion for modified sentence be, and is hereby, DENIED WITH PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

DATED:     August 10, 2010


                                      /s/ Frederick P. Stamp, Jr.
                                      FREDERICK P. STAMP, JR.
                                      UNITED STATES DISTRICT JUDGE